## Commonwealth v. Brandt

*David J. Brightbill,* Assistant District Attorney, for Commonwealth.

*Thomas A. Ehrgood,* of *Ehrgood & Ehrgood,* for defendant.

GATES, P. J., November 2, 1973.—This matter is before us on petitioner's application for writ of certiorari. The district justice has returned her records and we have heard argument on the matter.

From the district justice's record we find the following factual situation: On February 4, 1973, Trooper Curley of the Pennsylvania State Police, observed petitioner run the radar beam on U.S. Route 22 in Lebanon County at a speed of 69 miles-per-hour in a 55 mile-per-hour speed zone. The trooper pursued and stopped petitioner. He issued a citation in accordance with Pennsylvania Rule of Criminal Procedure 131.

Between February 4, 1973, and February 13, 1973, the trooper discovered that he erroneously dated the citation January 4, 1973. Consequently, he dismissed the citation and filed a criminal complaint on Febru-

ary 13, 1973, charging defendant with the same offense, alleging that it occurred on February 4, 1973.

A hearing was held on April 24, 1973, before the district justice. At the outset, petitioner requested that the complaint be dismissed because of the irregularity in dismissing the citation with the approval of the district justice and instituting the complaint proceeding.

Petitioner argues only that the irregularities complained of and as disclosed in the record of the proceeding compels dismissal of the case. We disagree.

Effective May 1, 1970, certain police officers, including officers of the Pennsylvania State Police, may issue a citation charging a summary violation committed in the presence of the police officer.

Pennsylvania Rule of Criminal Procedure 115 provides as follows:

"If at any time prior to disposition of a case by an issuing authority it appears that a warrant, summons, complaint or citation contains a substantive defect, the defendant shall be discharged, but nothing in this rule shall prevent the filing of a new complaint, and the issuance of process charging another offense in a proper manner."

Trooper Curley precisely complied with Rule 115. He erroneously charged that the offence occurred a month earlier than it did in fact. Upon discovering the substantive error, he dismissed the citation with the approval of the district justice and filed a new complaint. The complaint was filed and served within the statutory limitations set forth in The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §101, et seq.

Defendant argues in his brief that: "Cases are legion wherein it has been decided that a material mistake of fact or error on the citation is a basis for dismissing the pending suit . . . ." Unfortunately, defendant has identified none of the legionnaires. Our perusal of

Purdon's Pennsylvania Statutes Annotated, Title 19 for use in 1973 and 1974, discloses only one case. The case has nothing to do with petitioner's contention.

Rule 115, supra, though couched in the negative, clearly authorizes the filing of a new complaint and issuance of process charging an offense in a proper manner if at any time prior to the disposition of the case a substantive defect is discovered. The rule is crystal clear and has direct application to the case before us. Consequently, there is no merit to petitioner's argument.

## ORDER

And now, to wit, November 2, 1973, the petition for writ of certiorari is dismissed.